**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of _Texas_____
(State)

Case number (*if known*): _____ Chapter _11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Sable Permian Resources, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | PRES Holdings, LLC<br>AEPB Holdings, LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 7 – 2 0 9 5 1 7 2 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 700 Milam Street<br>Number  Street | Number  Street |
| Suite 3100 | P.O. Box |
| Houston TX 77002<br>City  State  ZIP Code | City  State  ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris County<br>County | Number  Street |
| | City  State  ZIP Code |

**5. Debtor's website (URL)**   https://www.sableres.com

Debtor    Sable Permian Resources, LLC                                    Case number (if known)
          Name

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and LimitedLiability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

| 2 | 1 | 1 | 1 |

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor is defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $ 2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), it aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with thisform.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor   Sable Permian Resources, LLC                                                       Case number (if known)   _____
         Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes.

If more than 2 cases, attach a separate list.

District _____   When _____   Case number _____
                                  MM / DD / YYYY

District _____   When _____   Case number _____
                                  MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list.

Debtor   See Attachment 1            Relationship   Affiliate

District   Southern District of Texas   When   Same day
                                               MM / DD / YYYY

Case number, if known   _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number   Street

                          _____
                          City                    State   ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

         Contact name   _____

         Phone   _____

---

Debtor    Sable Permian Resources, LLC        Case number (if known) _____
<br>Name

---

## Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ☒ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING –** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06 / 25 / 2020
<br>           MM / DD / YYYY

✗   */s/ Gregory Patrinely*          Gregory Patrinely
<br>     Signature of authorized representative of debtor     Printed name

Title   Executive Vice President; Chief Financial Officer

---

Debtor   Sable Permian Resources, LLC                                    Case number (if known)   _____
         Name

**18. Signature of attorney**

                    ✗    /s/ Timothy A. ("Tad") Davidson II              Date   06 / 25 / 2020
                         Signature of attorney for debtor                       MM / DD / YYYY

                         Timothy A. ("Tad") Davidson II
                         Printed Name

                         Hunton Andrews Kurth LLP
                         Firm Name

                         600        Travis Street, Suite 4200
                         Number     Street

                         Houston                                  TX         77002
                         City                                     State      Zip Code

                         (713) 220-4200                           taddavidson@huntonak.com
                         Contact phone                            Email address

                         24012503                                 Texas
                         Bar Number                               State

## ATTACHMENT 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (collectively, the "*Debtors*") will file or has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*").  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
|---|---|
| Sable Permian Resources, LLC | 47-2095172 |
| SPR Stock Holdings, LLC | 47-2102065 |
| Sable Permian Resources Operating, LLC | 37-1803212 |
| SPR Holdings, LLC | 46-5523611 |
| SPRH Finance Corporation | 47-2071390 |
| Sable Permian Resources Corporation | 47-2489049 |
| Sable Permian Resources Finance, LLC | 46-5576841 |
| SPR Finance Corporation | 47-1140359 |
| Sable Land Company, LLC | 83-1237101 |

**Sable Permian Resources, LLC**
**SPR Stock Holdings, LLC**
**Sable Permian Resources Operating, LLC**
**SPR Holdings, LLC**
**SPRH Finance Corporation**
**Sable Permian Resources Corporation**
**Sable Permian Resources Finance, LLC**
**SPR Finance Corporation**
**Sable Land Company, LLC**

**Omnibus Unanimous Written Consent in Lieu of a Meeting**

**June 24, 2020**

The undersigned, constituting all of the members of the board of directors or board of managers, managing members or stockholders, as applicable (the "***Governing Body***"), for each of the entities listed above (each a "***Company***," and together, the "***Companies***"), in accordance with each Company's bylaws, operating agreements and other Governing Documents[1] (as applicable), hereby consent to and adopt the following resolutions as the action of the Governing Body by written consent in lieu of a meeting pursuant to applicable law and such Company's bylaws or operating agreement, as applicable, and hereby direct that this written consent be delivered to the Companies for inclusion in their minutes or filing with their corporate records.

\*       \*       \*       \*       \*

*Approval of Bankruptcy Filing*

**WHEREAS**, the Governing Body has reviewed and considered the materials presented by the management and financial and legal advisors of the Companies regarding the potential present and future liabilities of the Companies, the strategic alternatives available to them, and the impact of the foregoing on the Companies' businesses;

**WHEREAS**, the Governing Body has consulted with the management and financial and legal advisors of the Companies and has considered fully each of the strategic alternatives available to the Companies;

**WHEREAS**, the Companies' management and financial and legal advisors have recommended to each Governing Body that the Companies commence cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

**WHEREAS**, the Governing Bodies have reviewed and considered the materials presented by the management and financial and legal advisors of the Companies regarding the potential present and future liabilities of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' businesses; and

---

[1] "***Governing Documents***" are each Company's operative governance documents, including their respective LLC agreements, corporate charters or other such governing agreements, executive employment agreements or other material agreements concerning the governance of any of the Companies.

**WHEREAS**, the Governing Body has determined that it is in the Companies' best interests to seek relief under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body hereby authorizes and approves the commencement of cases under chapter 11 of the Bankruptcy Code by each of the Companies on June 25, 2020 (the "***Chapter 11 Cases***");

**RESOLVED FURTHER**, that each officer of each of the Companies (each, an "***Authorized Person***") be, and each of them hereby is, acting singly, authorized to take all such steps and do all such acts and things as they shall deem necessary or advisable to commence the Chapter 11 Cases, including, but not limited to, executing, verifying, and delivering voluntary petitions in the name of the Companies under chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***"), on June 25, 2020, together with the execution, delivery and filing of any other documents and customary first day pleadings and the taking of any and all other actions necessary or desirable to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that are necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolution to commence Chapter 11 Cases for the Companies on June 25, 2020;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Companies, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to supplement, all necessary or appropriate documents needed to commence the Chapter 11 Cases, including, without limitation, petitions, affidavits, schedules, motions, lists, applications and customary first day pleadings, each in form and substance substantially the same as the first day pleadings provided to counsel for the members of the Governing Body, each in connection with the commencement of the Chapter 11 Cases, the DIP Facility (as defined below), or any cash collateral usage contemplated hereby or thereby and each subject to Board approval to the extent required by the Governing Documents;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ and retain the law firms of Latham & Watkins LLP ("***Latham***") and Hunton Andrews Kurth LLP ("***HAK***") to act as general counsel for the Companies in connection with the Chapter 11 Cases, subject to the terms of their respective engagement letters with the Companies dated as of March 24, 2020 (Latham) and March 30, 2020 (HAK), which engagement letters have not been since amended, and approval of such retentions and the terms of such retentions by the Bankruptcy Court;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ and retain the law firm of Katten Muchin Rosenman LLP to act as counsel for (i) Sable Land Company, LLC, at the sole discretion of Bobby Reeves in his capacity as independent manager of Sable Land Company, LLC, and (ii) Sable Permian Resources Finance, LLC, at the sole direction of Peter Kravitz and Richard Alario in their capacities as independent managers of Sable Permian Resources Finance, LLC, in connection with the Chapter 11 Cases, subject to the terms of its

engagement letter with the Companies dated as of April 21, 2020, which engagement letter has not been since amended;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ and retain Alvarez & Marsal North America, LLC as financial advisor to the Companies in connection with the Chapter 11 Cases, subject to the terms of its engagement letter with the Companies dated as of March 30, 2020, which engagement letter has not been since amended, and approval of such retention and the terms of such retention by the Bankruptcy Court;

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ and retain Evercore Group L.L.C. as investment banker to the Companies in connection with the Chapter 11 Cases, subject to the terms of its engagement letter with Latham (on behalf of the Companies) dated as of March 24, 2020, which engagement letter has not been since amended, and approval of such retention and the terms of such retention by the Bankruptcy Court; and

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ and retain Prime Clerk LLC as claims, noticing, and solicitation agent and administrative advisor for the Companies in their Chapter 11 Cases, subject to the terms of its engagement letter with the Companies dated as of April 8, 2020, which engagement letter has not been since amended, and approval of such retention and the terms of such retention by the Bankruptcy Court.

### *Approval of DIP Financing*

**WHEREAS**, in order to provide postpetition financing for the Companies in connection with such Chapter 11 Cases, Sable Land Company, LLC (the "***Borrower***") plans to enter into that certain debtor-in-possession credit facility (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "***DIP Credit Agreement***," and the lending facility established thereunder, the "***DIP Facility***") among the Borrower, certain of the other Companies, each lender from time to time party thereto (the "***Lenders***"), JPMorgan Chase Bank, N.A., as administrative agent (in such capacity, or any successor in such capacity, the "***Administrative Agent***"), and any other parties from time to time party thereto, providing for a credit facility in an initial aggregate principal amount of up to $150,000,000 for the making of loans and letters of credit as provided therein and to consent to the terms of an interim debtor-in-possession financing order (the "***Interim DIP Order***"), which DIP Credit Agreement and Interim DIP Order shall be in form and substance substantially identical to the form of DIP Credit Agreement and form of Interim DIP Order attached hereto as **Exhibits A** and **B** respectively;

**WHEREAS**, as a condition to the extension of loans under the DIP Facility, the Lenders have required that the Borrower unwind certain swap agreements to which it is a party (the "***Existing Swap Unwind***") and apply the proceeds therefrom to the prepayment of certain prepetition obligations (the "***Swap Proceeds Prepayment***"), in each case as described in greater detail in the DIP Facility;

**WHEREAS**, the Companies' managers and advisors have advised the Governing Body that in connection with the commencement of any such Chapter 11 Cases, it would be, advisable, fair and in the best interest of (i) the Borrower and any other applicable Company to enter into the DIP Facility and the fee letter agreement in connection therewith (including, for the avoidance of doubt, the indemnity and reimbursement obligations thereunder) (the "*Fee Letter*"), (ii) the Borrower and any other applicable Company to (x) guarantee the obligations under the DIP Facility (the "*Guarantee*") and/or (y) pledge to the Administrative Agent or grant to the Administrative Agent, subject to the terms of the DIP Facility and the other Credit Documents (as defined below), a lien or mortgage on, or security interest in, all or any portion of such Company's assets, including real and personal property, intellectual property and all or any portion of the issued and outstanding equity of any subsidiaries of such Company (except for the "*Excluded Assets*," as defined in the DIP Credit Agreement), in each case, whether now owned or hereafter acquired (the foregoing clause (y), collectively, the "*Security Grant*"), (iii) the Borrower to complete the Existing Swap Unwind and the Swap Proceeds Prepayment, and (iv) the Borrower and any other applicable Company to enter into all acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings related to the DIP Facility, the Fee Letter, the Guarantee, the Security Grant, the Existing Swap Unwind and/or the Swap Proceeds Prepayment to which such Company is a party from time to time (including, without limitation, subordination agreements, mortgages, deeds of trust, trust deeds, collateral access agreements, landlord waivers, bailee letters, common carrier letters, warehouse letters (or any similar agreement to any of the foregoing), security agreements, pledge agreements, guaranties, control agreements, lockbox agreements, stock powers, alonges, assignments, financing statements, promissory notes, indorsements, notices of borrowing, borrowing base certificates, requests for advances, requests for letters of credit, any fee letters, swap agreements (including, for the avoidance of doubt and without limitation, any agreements with any swap providers, including any ISDA Master Agreements and any schedules thereto or confirmation thereof), novation agreements, payoff letters, post-closing agreements and any other acts, affidavits, agreements, certificates, documents, filings, instruments, notices, recordings, transactions, waivers or undertakings required by the DIP Credit Agreement, the Fee Letter, the Guarantee, the Security Grant, the Existing Swap Unwind and/or the Swap Proceeds Prepayment and acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings relating to any of the foregoing) (collectively, the "*Ancillary Documents*" and together with the DIP Credit Agreement and the Interim DIP Order, the "*Credit Documents*") in connection with the DIP Facility, in each case subject to the entry of appropriate orders by the Bankruptcy Court authorizing the Companies to enter into the DIP Facility and to execute and deliver such Credit Documents;

**WHEREAS**, the Governing Body has determined, based on the advice of the Companies' management and advisors, that each Company's entry into the Credit Documents to which it is a party (i) is necessary or convenient to the conduct, promotion or attainment of such Company's business and (ii) may reasonably be expected to benefit such Company, directly or indirectly;

**WHEREAS**, each Company is receiving benefits in consideration of its entry into the Credit Documents to which it is a party, including, without limitation, access to additional working capital during the postpetition period; and

**WHEREAS**, the Lenders are extending credit in reliance, in part, on each Company's entry into the Credit Documents to which it is a party.

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body finds that, in connection with such Chapter 11 Cases, the incurrence of the liabilities and obligations arising from each Credit Document by each Company to which it is a party (i) is necessary and convenient to the conduct, promotion and attainment of the business of such Company, (ii) may reasonably be expected to benefit such Company, directly or indirectly and (iii) is advisable, fair and in the best interests of such Company;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases each Company be, and hereby is, authorized to enter into and incur indebtedness under and directed to execute, deliver, and perform its obligations under the Credit Documents to which it is a party and to take all actions contemplated thereby, including the Guarantee and the Security Grant;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases, each of the Authorized Persons acting alone or in combination, is hereby authorized, directed and empowered on behalf of each Company to do or cause to be done all acts or things necessary to consummate the transactions required by the Credit Documents to which it is a party or to cause such Company to perform its obligations as contemplated by the Credit Documents to which it is a party; provided that the terms of such Credit Documents and such actions are substantially consistent in all material respects with the DIP Credit Agreement and Interim DIP Order attached hereto as **Exhibits A** and **B** respectively;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases, the Authorized Persons be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of each Company, to pay, or cause to be paid, the fees, expenses and other obligations as contemplated in the DIP Facility and any other Credit Document to which it is party;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases, each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to grant and continue to grant a security interest in, pledge or otherwise encumber, as security for the obligations under the DIP Facility and the other Credit Documents, the assets of each Company (except for the Excluded Assets as defined in the DIP Credit Agreement) as any Authorized Person shall deem necessary or appropriate, subject to the terms set forth in the DIP Facility, the DIP Credit Agreement, the Interim DIP Order and the other Credit Documents;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases, each Authorized Person is hereby authorized, directed and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, all such Credit Documents or other acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, waivers or undertakings (including, without limitation, any and all certificates and notices required to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed on behalf of any Company), in the name and on behalf of any Company

required by the Credit Documents to which such Company is a party and to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of any Company under all acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings executed or delivered on behalf of any Company, as applicable, required by the Credit Documents to which such Company is a party, in each case subject to Board approval as required under the Governing Documents; *provided* that the terms of such Credit Documents are substantially consistent in all material respects with the DIP Credit Agreement and Interim DIP Order attached hereto as **Exhibits A** and **B** respectively;

**RESOLVED FURTHER**, that, to the extent any Company serves as (i) the sole member or manager, (ii) the managing member, (iii) the general partner or (iv) otherwise as the governing body (the "***Controlling Party***"), in each case, of any subsidiary of such Company (the "***Controlled Party***"), each Authorized Person of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable) to take all of the actions on behalf of such Controlled Party that an Authorized Person is herein authorized to take on behalf of such Controlling Party, in each subject to Board approval as required under the Governing Documents;

**RESOLVED FURTHER**, that, in connection with such Chapter 11 Cases, each Authorized Person is hereby authorized, directed and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, acting alone or in combination, all such Credit Documents or other acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings (including, without limitation, any and all certificates and notices required to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed therewith), in the name and on behalf of any Company and on behalf of each of such Company's direct or indirect subsidiaries, required by the Credit Documents to which such Company is a party and to perform the obligations of such subsidiary under all acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, or undertakings required by the Credit Documents to be executed or delivered on behalf of such subsidiary in connection with the Credit Documents to which such subsidiary is a party, in each case subject to Board approval as required under the Governing Documents; provided that the terms of such Credit Documents are substantially consistent in all material respects with the DIP Credit Agreement and Interim DIP Order attached hereto as **Exhibits A** and **B** respectively; and

**RESOLVED FURTHER**, that, in connection with the Chapter 11 Cases, each Authorized Person be, and hereby is, authorized to permit the Administrative Agent to file any financing statements or other filing or recording documents or instruments against any Company in connection with the Security Grant as such Authorized Person shall deem necessary and appropriate and such financing statements or other filing or recording documents or instruments may, without limitation, include an "all assets" collateral description (including, without limitation, "all assets", "all property", "all assets of debtor", "all property of the debtor", or words of similar effect).

*Payment of Legal Fees*

**NOW, THEREFORE, BE IT RESOLVED**, that within one business day of the adoption of this Omnibus Unanimous Written Consent and in any event, prior to the filing of the Chapter 11 Cases, the Companies shall pay or reimburse the reasonable and documented legal fees and expenses of each member of the Governing Bodies.

*General Implementation Authority*

**NOW, THEREFORE, BE IT RESOLVED** that any Authorized Person's execution of any document or performance of any act, in each case, authorized by the foregoing resolutions or any document executed or act performed, in each case, by any Authorized Person in the accomplishment of any action or actions so authorized, is (or shall become upon delivery) the enforceable and binding act and obligation of the Companies, as applicable, without the necessity of the signature or attestation of any other officer or representative of the Companies as applicable;

**RESOLVED FURTHER**, that all acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings taken (or not taken) by an Authorized Person, or any other person authorized to act by an Authorized Person, prior to the adoption of these resolutions by any officer or representative of the Companies that are consistent with the foregoing resolutions are hereby consented to, adopted, ratified, confirmed, approved and authorized in all respects by the Governing Body; and

**RESOLVED FURTHER**, that notwithstanding the delegation of authorities to Authorized Persons or any other provision of these resolutions, except as expressly provided herein in connection with commencement of the Chapter 11 Cases and the Company's entry into the DIP Facility no such Authorized Person shall have the authority to undertake any other action, file any other pleading or  enter into any amendment, amendment and restatement (including, but not limited to, any amendment or amendment and restatement of the DIP Credit Documents or the Prepetition Credit Agreement as defined in the DIP Credit Agreement), compromise, consent, consolidation, extension for any period, increase, rearrangement, renewal, replacement, restatement, retirement, substitution, supplement, waiver or other modification in respect of any term, condition or provision of the Credit Documents or to which any Company is a party except in compliance with the terms and conditions of the Governing Documents including, where required by such documents the further approval of the appropriate Governing Body of the applicable Company (including, but not limited to, requiring the Board of Managers of Sable Permian Resources LLC's consent to an assignment of any of the DIP Loans or Prepetition Loans (as defined in the DIP Credit Agreement) in all circumstances where the Companies' consent to such an assignment is required under the DIP Credit Agreement) or the Prepetition Credit Agreement.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned, being all of the directors, managers or stockholders, as applicable, of each Company, hereby consent to the actions set forth herein effective as of the date first set forth above.



James C. Flores
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



John T. Raymond
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



Jeffrey A. Ball
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



Laura L. Tyson
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



Shaia Hosseinzadeh
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



Neal Shear
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



John H. Vaske
Manager of Sable Permian Resources, LLC,
Sable Permian Resources Finance, LLC, and
Sable Land Company, LLC



Richard Alario
Manager of Sable Permian Resources Finance,
LLC



Peter Kravitz
Manager of Sable Permian Resources Finance,
LLC



Robert Reeves
Manager of Sable Land Company, LLC

*[Signature Page to Resolutions]*

SABLE PERMIAN RESOURCES, LLC
as Managing Member of

    SPR STOCK HOLDINGS, LLC

    SABLE PERMIAN RESOURCES
    OPERATING, LLC

    SPR HOLDINGS, LLC

By: _____
    Name:  Gregory Patrinely
    Title:  Executive Vice President
         and Chief Financial Officer


SPR HOLDINGS, LLC
as sole Stockholder of

    SPRH FINANCE CORPORATION

    SABLE PERMIAN RESOURCES
    CORPORATION

By: _____
    Name:  Gregory Patrinely
    Title:  Executive Vice President
         and Chief Financial Officer


SABLE PERMIAN RESOURCES FINANCE,
LLC
as sole Stockholder of

    SPR FINANCE CORPORATION

By: _____
    Name:  Gregory Patrinely
    Title:  Executive Vice President
         and Chief Financial Officer

*[Signature Page to Resolutions]*

### Exhibit A

**DIP Credit Agreement**

(intentionally omitted)

(available upon request)

## **Exhibit B**

**Interim DIP Order**

(intentionally omitted)

(available upon request)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § **Chapter 11** |
| | § |
| **SABLE PERMIAN RESOURCES, LLC,** *et al.*, | § **Case No. 20-[ ● ] ([ ● ])** |
| | § |
| **Debtors.**[1] | § **(Joint Administration Requested)** |
| | § **(Emergency Hearing Requested)** |
| | § |

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST
<u>UNSECURED CLAIMS AND ARE NOT INSIDERS</u>**

The above-captioned debtors and debtors in possession (collectively, the **"Debtors"**) hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Sable Permian Resources, LLC (5172); SPR Stock Holdings, LLC (2065); Sable Permian Resources Operating, LLC (3212); SPR Holdings, LLC (3611); SPRH Finance Corporation (1390); Sable Permian Resources Corporation (9049); Sable Permian Resources Finance, LLC (6841); SPR Finance Corporation (0359); and Sable Land Company, LLC (7101).  The location of the Debtors' main corporate headquarters and the Debtors' service address is:  700 Milam Street, Suite 3100, Houston, TX 77002.

Fill in this information to identify the case:

Debtor name: <u>Sable Permian Resources, LLC, et al.,</u>

United States Bankruptcy Court for the: <u>Southern District of Texas</u>

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association 50 South Sixth Street Suite 1290 Minneapolis, MN 55402 | Attn: Jane Schweiger Title: Vice President Phone: 612-217-5632 Email: Jschweiger@Wilmingtontrust.com Fax: 612-217-5651 | 7.125% Unsecured Notes Due 2020 | | | | $ 28,039,546.88 |
| 2 | US Well Services LLC 1360 Post Oak Blvd Suite 1800 Houston, TX 77056 | Attn: Nathan Houston Title: Chief Operating Officer Phone: 304-368-0681 Email: Nhouston@Uswellservices.com | Trade Payable | | | | $ 17,545,936.73 |
| 3 | Halliburton 3000 N. Sam Houston Pkwy E. Houston, TX 77032 | Attn: Jeff Miller Title: Chairman, President & Chief Executive Officer Phone: 281-871-4000 Email: Jeff.Miller@Halliburton.com Fax: 281-876-4455 | Trade Payable | | | | $ 11,608,125.38 |
| 4 | Wilmington Trust, National Association 50 South Sixth Street Suite 1290 Minneapolis, MN 55402 | Attn: Jane Schweiger Title: Vice President Phone: 612-217-5632 Email: Jschweiger@Wilmingtontrust.com Fax: 612-217-5651 | 7.375% Unsecured Notes Due 2021 | | | | $ 9,371,276.25 |
| 5 | Select Energy Services 1233 West Loop South Suite 1400 Houston, TX 77027 | Attn: John Schmitz Title: Chairman Phone: 361-574-7878 Email: Jschmitz@Selectenergyservices.com | Trade Payable | | | | $ 4,325,693.71 |
| 6 | WTG Fuels Inc 211 N. Colorado Midland, TX 79701 | Attn: Richard D. Hatchett Title: President Phone: 432-682-4349 Email: Rhatchett@westtexasgas.com | Trade Payable | | | | $ 1,828,825.87 |
| 7 | Archrock Services LP 9807 Katy Frwy. Suite 100 Houston, TX 77024 | Attn: Brad Childers Title: President & Chief Executive Officer Phone: 281-854-3000 Email: Contact on File | Trade Payable | | | | $ 1,623,238.08 |
| 8 | Pilot Water Solutions LLC 301 Main St Suite 1000 Baton Rouge, LA 70825 | Attn: Anuj Sharma Title: Chief Executive Officer Phone: 225-302-8594 Email: Asharma@pilotwater.com | Trade Payable | | | | $ 1,202,898.51 |
| 9 | CSP-Permian LLC 221 Bolivar St, Suite 400 Jefferson City, MO 65101-1574 | Attn: Scott Jinks Title: Director of Operations Phone: 573-635-2255 Email: sjinks@capitalsandcompany.com | Trade Payable | | | | $ 957,075.84 |
| 10 | Gravity Oilfield Services LLC 3300 N. A Street Building 4 Suite 100 Midland, TX 79705 | Attn: Rob Rice Title: Chief Executive Officer Phone: 833-234-4889 Email: Rrice@Hanover-Co.com Fax: 432-218-7889 | Trade Payable | | | | $ 928,540.73 |

Debtor <u>Sable Permian Resources, LLC, et al.</u>                                                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Venegas Construction LLC<br>403 1st Street<br>Ozona, TX 76943 | Attn: Felix Venegas<br>Title: Owner<br>Phone: 325-392-2902<br>Email: venegasconstruction13@yahoo.com<br>Fax: 325-392-2792 | Trade Payable | | | | $   728,078.42 |
| 12 | RS Energy Group Inc<br>600 Travis St Ste 750<br>Houston, TX 77002 | Attn: Jim Jarrell<br>Title: President & Co-Chief Executive Officer<br>Phone: 403-294-9111<br>Email: Jim.Jarrell@Rseg.com | Trade Payable | | | | $   671,580.00 |
| 13 | WD Von Gonten Laboratories LLC<br>10496 Old Katy Rd Ste 200<br>Houston, TX 77043 | Attn: Adam Lasics<br>Title: Chief Financial Officer<br>Phone:  219-924-8670<br>Email: Adam.Lasics@Wdvglab.com | Trade Payable | | | | $   512,646.00 |
| 14 | Gate Guard Services LP<br>8620 N New Braunfels Ste 305<br>San Antonio, TX 78217 | Attn: Patty Lopez<br>Title: Manager<br>Phone: 361-949-6992<br>Email: Patty@Gateguardservices.com | Trade Payable | | | | $   461,145.02 |
| 15 | Championx LLC<br>1601 W Diehl Rd<br>Naperville, IL 60563 | Attn: Christophe Beck<br>Title: President & Chief Operating Officer<br>Phone: 651-204-7392<br>Email: Christophe.Beck@Ecolab.com | Trade Payable | | | | $   453,683.60 |
| 16 | Cathryn Cope Kessler<br>Address on File | Attn: Cathryn Cope Kessler<br>Title: Royalty Owner<br>Phone: Contact on File<br>Email: Contact on File | Revenue Payable | Unliquidated | | | Not less than $1,459,213.50 |
| 17 | Chevron U S A Inc<br>6001 Bollinger Canyon Road<br>San Ramon, CA 94583 | Attn: Michael Wirth<br>Title: Chief Executive Officer<br>Phone: 925-842-1000<br>Email: mkwirth@chevron.com | Revenue Payable | Unliquidated | | | Undetermined |
| 18 | University Lands<br>The University Of Texas System<br>704 W Dengar<br>Midland, TX 79705 | Attn: Mark A. Houser<br>Title: Chief Executive Officer<br>Phone: 713-352-3810<br>Email: mhouser@utsystem.edu | Revenue Payable | Unliquidated | | | Undetermined |
| 19 | Lynn Gay Weatherby<br>Address on File | Attn: Lynn Gay Weatherby<br>Title: Royalty Owner<br>Phone: Contact on File<br>Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |
| 20 | Texas Scottish Rite Hospital For Crippled Children<br>2222 Welborn Street<br>Dallas, TX 75219 | Attn: Robert L Walker<br>Title: President & Chief Executive Officer<br>Phone: 214-559-7602<br>Email: Robert.Walker@tsrh.org | Revenue Payable | Unliquidated | | | Undetermined |
| 21 | V-F Petroleum Inc<br>500 W. Texas Ave. Suite 350<br>Midland, TX 79701 | Attn: Thomas M. Beall<br>Title: Chief Executive Officer<br>Phone: 432-683-3344<br>Email: VFMID@worldnet.att.net<br>Fax: 432-683-3352 | Revenue Payable | Unliquidated | | | Undetermined |
| 22 | Marathon Oil (West Texas) LP<br>PO Box 732312<br>Dallas, TX 75373 | Attn: Lee Tillman<br>Title: Chief Executive Officer<br>Phone: 713-629-6600<br>Email: ltillman@marathonoil.com | Revenue Payable | Unliquidated | | | Undetermined |
| 23 | Mayberta Kay W Becknell Trust<br>Address on File | Attn: Mayberta Kay W Becknell Trust<br>Title: Royalty Owner<br>Phone: Contact on File<br>Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |
| 24 | Tom S Bloxom<br>Address on File | Attn: Tom S Bloxom<br>Title: Royalty Owner<br>Phone: Contact on File<br>Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |

Debtor  Sable Permian Resources, LLC, et al.                                                      Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 Excalibur Energy Company 925 6th Street Nw # 5 Albuquerque, NM 87102 | Attn: Chris Cotter Title: President Phone: 505-244-1547 Email: chris.cotter@excaliburenergy.co.uk | Revenue Payable | Unliquidated | | | Undetermined |
| 26 Deborah Bloxom Address on File | Attn: Deborah Bloxom Title: Royalty Owner Phone: Contact on File Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |
| 27 James C Nall Address on File | Attn: James C Nall Title: Royalty Owner Phone: Contact on File Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |
| 28 Kerr Mcgee Oil & Gas Onshore LP 410 17th Street Suite 2410 Denver, CO 80202 | Attn: Vicki Hollub Title: President & Chief Executive Officer Phone: 303-573-5404 Email: vicki_hollub@oxy.com | Revenue Payable | Unliquidated | | | Undetermined |
| 29 Sonora Barnhart Ranches Ltd 515 W Harris Ave San Angelo, TX 76903 | Attn: Richard Mayer Title: General Partner Phone: 325-655-6220 Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |
| 30 Richard G Mayer Address on File | Attn: Richard G Mayer Title: Royalty Owner Phone: Contact on File Email: Contact on File | Revenue Payable | Unliquidated | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § **Chapter 11** |
| | § |
| **SABLE PERMIAN RESOURCES, LLC** | § **Case No. 20-[ ● ] ([ ● ])** |
| | § |
| **Debtor.** | § **TAX ID NO. 47-2095172** |
| | § |

## CORPORATE OWNERSHIP STATEMENT

The following is a list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder |
|---|
| EMG PRES Equity Holdings, LLC |
| EMG Fund IV Sable Holdings, LLC |
| OnyxPoint Permian Equity Aggregator LLC |
| OnyxPoint Permian Preferred Holdings LLC |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SABLE PERMIAN RESOURCES, LLC** | **Case No. 20-[ ● ] ([ ● ])** |
| **Debtor.** | **TAX ID NO. 47-2095172** |

## LIST OF EQUITY SECURITY HOLDERS

       The following is a list of the above-captioned debtor's equity security holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership |
|---|---|---|
| PRES New Equity, LLC | 700 Milam Street, Suite 3100 Houston, TX 77002 | 81% |
| PRES Initial Capital Aggregator, LLC | 700 Milam Street, Suite 3100 Houston, TX 77002 | 19% |

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name     <u>Sable Permian Resources, LLC</u> |
| United States Bankruptcy Court for the Southern District of Texas |
| Case number *(if known)*: _____ |

## Official Form 202

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ___

☒   *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   *Other document that requires a declaration* <u>Debtor's List of Equity Security Holders and Statement of Corporate Ownership</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>06 / 25 / 2020</u>      ✘   <u>/s/ Gregory Patrinely</u>
         MM/DD/YYYY             Signature of individual on behalf of debtor

                                       <u>Gregory Patrinely</u>
                                       Printed name

                                       <u>Executive Vice President; Chief Financial Officer</u>
                                       Position or relationship to debtor