**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **SABLE PERMIAN RESOURCES, LLC, *et al.*,** | § | **Case No. 20-33193 (MI)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

# GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Sable Permian Resources, LLC and its direct and indirect subsidiaries (collectively, the "**Debtors**" or "**Sable**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

Anthony C. Duenner has signed each set of the Schedules and Statements. Mr. Duenner serves as the Vice President, Corporate Development for Sable, and he is an authorized signatory for each of the Debtors in these chapter 11 cases. In reviewing and signing the Schedules and Statements, Mr. Duenner has necessarily relied upon the efforts, statements, advice, and representations of the Debtors' personnel and legal and financial advisors. Mr. Duenner has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Sable Permian Resources, LLC (5172); SPR Stock Holdings, LLC (2065); Sable Permian Resources Operating, LLC (3212); SPR Holdings, LLC (3611); SPRH Finance Corporation (1390); Sable Permian Resources Corporation (9049); Sable Permian Resources Finance, LLC (6841); SPR Finance Corporation (0359); and Sable Land Company, LLC (7101). The location of the Debtors' main corporate headquarters and the Debtors' service address is: 700 Milam Street, Suite 3100, Houston, TX 77002.

In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of such preparation. The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. For the avoidance of doubt, the Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law. In no event shall the Debtors, or their agents, attorneys, and financial advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, or financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes from any other Debtor's Schedules and Statements, as appropriate.

1. **Description of Cases.** On June 25, 2020, (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 25, 2020, an *Order Directing Joint Administration of Related Chapter 11 Cases* [D.I. 5] was entered directing joint administration of the Debtors' chapter 11 cases. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. As of the date hereof, no request for the appointment of a trustee has been made in these chapter 11 cases, and no committees have been appointed or designated. On July 7, 2020, an ad hoc group of holders of Senior Secured First Lien Notes due 2024 filed a motion requesting appointment of an examiner [D.I. 145]. The information provided herein, except as otherwise noted, is reported as of the Petition Date.[2]

[2] Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Anthony C. Duenner, Vice President, Corporate Development of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 23].

2. **Global Notes Control.** These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. For the avoidance of doubt, notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

   (a) ***No Admission.*** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the amount, validity, priority, status, or classification of any claim (as such term is defined in section 101(5) of the Bankruptcy Code) (a "**Claim**") against any of the Debtors, any admission or stipulation with respect to any assertion made therein or herein, or a waiver of the Debtors' rights to (i) dispute or assert any cause of action, offset, or defense as to the amount, liability, priority, status, or classification of any Claim, (ii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated," or (iii) object to the extent, validity, enforceability, priority, or avoidability of any Claim.

   (b) ***Recharacterization.*** Notwithstanding the Debtors' reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, designated, or omitted certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, including whether contracts or leases listed therein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

   (c) ***Classifications.*** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract or lease on Schedule

G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the potential claimant or contract/lease counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim, contract, or lease. Moreover, listing a claim as priority or secured reflects the claim's status on the Debtors' books and records and does not take into account whether any lien is properly perfected under applicable law or subject to any potential avoidance actions, which legal analysis may be ongoing.

(d) ***Claims Description.*** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e) ***Estimates and Assumptions.*** The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates. The Debtors reserve all rights to amend, supplement, or otherwise modify the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

(f) ***Causes of Action.*** Despite reasonable efforts, the Debtors may not have identified all current or potential Claims or causes of action the Debtors may have against third parties in their respective Schedules and Statements. The Debtors reserve all rights with respect to any Claims or causes of action (including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind of character whatsoever, known or unknown, fixed or contingent, matured or unmatured, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") that they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

(g) ***Property Rights.*** Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statements should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property rights in the Schedules and Statements should not be construed as an admission that such property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h) ***Insiders.*** In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether the Debtors or such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

4. **Methodology.**

(a) ***Basis of Presentation.*** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles in the United States ("**GAAP**"). Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b) ***Confidential Information.*** There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Generally, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.

(c) ***Master Agreements.*** Contracts and leases listed in the Schedules and Statements may be master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements, and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(d) ***Duplication.*** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(e) ***Net Book Value.*** In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of May 31, 2020. Market values may vary, in some instances, materially, from net book values presented as of May 31, 2020. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or what a third party might be willing to pay in connection with any asset disposition.

(f) ***Contingent Claim.*** A claims that is dependent on the realization of some uncertain future event is "contingent."

(g) ***Unliquidated Claim.*** A claim for which a specific value cannot be calculated using currently available information is "unliquidated."

(h) ***Disputed Claim.*** A claim with respect to which the applicable Debtor(s) and claimant(s) disagree as to the amount owed, whether any amount is owed, the priority of the claim, or otherwise is "disputed."

(i) ***Undetermined or Unknown Amounts.*** The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(j) ***Totals.*** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different from the listed total.

(k) ***Property and Equipment.*** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto. Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(l) ***Allocation of Liabilities.*** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claims.

(m) ***Credits and Adjustments.*** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors, or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if

applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(n) ***Paid Claims.*** Pursuant to Court order, the Debtors have obtained authority to pay certain outstanding prepetition payables. As a result, outstanding liabilities may have been reduced by Court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements. To the extent the Debtors have paid or later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Estimates of claims set forth in the Schedules and Statements may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(o) ***Intercompany Claims.*** As described in the *Debtors' Emergency Motion For Entry of Interim And Final Orders Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms, and (IV) Perform Intercompany Transactions* [D.I. 22] (the "**Cash Management Motion**"), the Debtors maintain business relationships among themselves and conduct transactions from time to time that result in intercompany receivables and payables and/or are on account of capital contributions, equity investments, or distributions on account of equity investments. Prepetition intercompany receivables and payables among and between the Debtors are reported on Schedule A/B 77 (receivables) and Schedule E/F (payables) per the Debtors' books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission regarding the allowance, classification, characterization, validity, or priority of such account, including, without limitation, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

(p) ***Guarantees and Indemnification Claims.*** The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees or indemnification claims have been identified, they have been included in the relevant Schedules E/F, G, and H for the affected Debtor. The Debtors may have inadvertently omitted guarantees or indemnifications embedded in their contractual

agreements and may identify additional guarantees or indemnifications as they continue to review their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified. Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

(q) ***Executory Contracts and Unexpired Leases.*** Although the Debtors have made diligent attempts to properly identify the Debtor-party to each executory contract and unexpired lease on Schedule G, it is possible that more Debtor entities are party(ies) to certain executory contracts and unexpired leases on Schedule G than listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend, supplement, or otherwise modify Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion or omission of a contract or lease on Schedule G does not constitute an admission or waiver as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

(r) ***Leases.*** The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on the Schedules.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for certain equipment or motor vehicles from third-party lessors for use in the daily operation of their business. Any known prepetition obligations of the Debtors pursuant to the same have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G. Nothing in the Schedules or Statements is, or shall be construed to be, an admission or waiver as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or otherwise), and the Debtors reserve all rights with respect to such issues.

(s) ***Excluded Assets and Liabilities.*** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

(t) ***Liens.*** The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such inventories, property, and equipment. The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

(u) ***Currency.*** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(v) ***Setoffs.*** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, related-party transactions, counterparty settlements, pricing discrepancies, overpayments, returns, warranties, charge backs, credits, rebates, returns, refunds, negotiations, and/or disputes between the Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common within the oil and gas industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware and/or of which the Debtors have approved to effectuate in the claims process of their chapter 11 cases. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

## Specific Schedules Disclosures

5. **Schedules Summary**. Except as otherwise noted, the asset totals represent amounts as of May 31, 2020 and liability information represents the Debtors' liabilities as of the Petition Date.

6. **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are set forth in the Debtors' Cash Management Motion and *Interim Order Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms, and (IV) Perform Intercompany Transactions* [D.I. 88]. The Debtors' cash balances are listed as of May 31, 2020.

7. **Schedule A/B, Part 3 – Accounts Receivable, Item 11.** The Debtors' reported accounts receivable includes amounts that may be uncollectible. Notwithstanding the foregoing, the Debtors have used reasonable efforts to deduct doubtful or uncollectible accounts. The Debtors are unable to determine with certainty what amounts will actually be collected.

8. **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such interests depend on numerous variables and factors and may differ significantly from their net book value.

9. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** For those Debtors that own office furniture, fixtures, and equipment, dollar amounts are presented net of accumulated depreciation and other adjustments. Due to their volume, the individual fixed asset schedules have not been included in Part 7.

10. **Schedule A/B, Part 8 – Machinery, Equipment, & Vehicles.** For those Debtors that own machinery, equipment, and vehicles, dollar amounts are presented net of accumulated depreciation and other adjustments. Due to their volume, the individual fixed asset schedules have not been included in Part 8.

11. **Schedule A/B, Part 9 – Real Property.** For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. Any buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

    Certain of the instruments reflected on Schedule A/B 55 may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B 55. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B 55 is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B 55, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument, including any intercompany or related party agreement.

12. **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

    (a) ***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtors and Rights to Setoff Claims.*** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty or indemnity claims against counterparties. Additionally, certain of the Debtors may

be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

(b) ***Interests in Insurance Policies or Annuities.*** A list of the Debtors' insurance policies and related information is available as an exhibit to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Their Insurance Coverage, (B) Pay All Insurance Obligations, (C) Maintain Their Surety Bonds, and (D) Pay All Bonding Obligations, and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 19]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Such policies have all been included on Schedule A/B, Part 11, with values listed as "undetermined."

(c) ***Other Property of Any Kind Not Already Listed.*** Intercompany and related-party receivables reflect the balance as of May 31, 2020.

(d) ***Executory Contracts and Unexpired Leases.*** Because of the large number of the executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G. Certain agreements may not be listed on Schedule G due to express confidentiality provisions contained within such agreements.

13. **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. The listing of a lien does not constitute an admission by the Debtors of its validity or perfection. In certain instances, some of the Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

The Debtors have not included on Schedule D parties that may believe such claims are secured through setoff rights or inchoate statutory lien rights.

Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.

14. **Schedule E/F – Creditors Who Have Unsecured Claims.**

(a) ***Part 1 - Creditors with Priority Unsecured Claims.*** Pursuant to the *Order (I) Authorizing the Payment of Certain Prepetition Taxes and (II) Granting Related Relief* [D.I. 87] (the "**Tax Order**"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Tax Order, or any other prepetition priority claims paid pursuant to any other order of the Court, are not listed in Schedule E/F.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

(b) ***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Pursuant to various orders to pay certain prepetition nonpriority unsecured claims, the Debtors have been granted the authority to pay, in their discretion, certain prepetition obligations. These orders include, without limitation:

- *Order Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefit Programs* [D.I. 53];
- *Order Authorizing Payment of Mineral Payments and Working Interest Disbursements* [D.I. 54]; and
- *Order (I) Authorizing Payment of Working Interest Costs, Joint Interest Billings, Marketing Expenses, and 503(b)(9) Claims and (II) Confirming Administrative Expense Priority Status of Outstanding Orders* [D.I. 55].

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. These potential claims are marked as "contingent," "unliquidated," and "disputed" in the Schedules and Statements, with their amounts listed as "undetermined" or "unknown."

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however,

may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices. The Debtors have scheduled liabilities related to accounts payable based on the legal entities listed in association with the applicable charges in the Debtors' various accounts payable systems. Accordingly, the legally liable Debtor entities (if any) may differ from the entities scheduled.

15. **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, relationships between the Debtors and their vendors are often governed by a master services agreement, under which the Debtors also place work and purchase orders, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted. The Debtors have not listed non-disclosure, confidentiality, or related agreements on their Schedule G.

The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of

payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Although the Debtors have made diligent attempts to attribute an executory contract or unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission. Certain Debtors are guarantors under, and parties to guaranty agreements regarding, the Debtors' prepetition secured credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and E/F only.

Moreover, the Debtors have acquired certain oil and natural gas properties and related contracts from third parties. The Debtors have made commercially reasonable efforts to include all such agreements and/or accurately disclose parties to such agreements. Notwithstanding such efforts, there may be omissions and inaccuracies with respect to such disclosures due to the age, volume, or state of the records that the Debtors received in connection with the applicable transaction.

16. **Schedule H – Co-Debtors.** The Debtors have not listed any litigation-related co-debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

## <u>Specific Statements Disclosures</u>

17. **Statements, Part 1, Question 1 – Income.** The Debtors reported income from January 1, 2020 to May 31, 2020. The Debtors did not include estimated income for the period of June 1, 2020 through the Petition Date.

18. **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days.** The dates set forth in the "Dates" column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an "ACH" processing; or (iii) the check date. Prior

to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates, as further explained in the Cash Management Motion. Consequently, for the purpose of this question, payments are recorded based on the Debtor's bank account owned.

Payments to the Debtors' employees and insiders for compensation and benefits, to the Debtors' bankruptcy professionals, and on account of intercompany transactions are not included in the payments to creditors. Payments to payroll and/or benefit providers have been included, even if the payment was used to directly pay employees. The aforementioned payments are included in the following locations within the Statements: employees and insiders (Question 4), bankruptcy professionals (Question 11), and intercompany (Question 4).

19. **Statements, Part 2, Question 4 – Payments and Transfers to Insiders.** To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date but later resigned their insider status or (ii) a person did not begin the year prior to the Petition Date as an "insider" but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

The payroll-related amounts shown in response to this question for any salary, bonus, or additional compensation and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings. For the sake of completeness and out of an abundance of caution, the Debtors have listed transfers valued at less than $6,825 in their response to Statement Question 4.

As more fully described in the Cash Management Motion, the Debtors recorded numerous intercompany transactions in their books and records each month, including various transfers and journal entries. Instead of listing each of these numerous transactions and entries in their Statements and Schedules for each month, the Debtors have included monthly balances and net activity for the one year prior to the Petition Date. In addition, the Debtors have separately listed any cash payments made between Debtors. These cash transactions are also recorded in the net monthly activity listing in the Debtors' books and records. Intercompany cash sweeps have not been individually reported.

20. **Statements, Part 2, Question 6 – Setoffs.** For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(v) of these Global Notes.

21. **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.** The payments provided in Question 11 are reported at the specific Debtor who made the payment. The Debtors believe that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis.

22. **Statements, Part 12, Questions 22-24 – Details About Environmental Information.** The Debtors have endeavored to disclose all applicable information in response to Statements, Part 12, Questions 22–24. However, it is possible that the Debtors have inadvertently omitted certain information. This response also does not cover: (i) periodic information requests, investigations, or inspections from governmental units concerning

compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements, such as monthly discharge monitoring reports.

23. **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in their responses to Statements, Part 13, Question 26.

24. **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** A response to this question is covered under the response to Statements, Part 2, Question 4 – Payments and Transfers to Insiders.

* * * * *

**Fill in this information to identify the case:**

Debtor name SPRH Finance Corporation

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): 20-33198

☐ Check if this is an amended filing

# Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

1. **Gross revenue from business**

☒ None

| | | | | | **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ______ MM / DD / YYYY | to | Filing date | | | ☐ Operating a business ☐ Other ______ | $______ |
| **For prior year:** | From ______ MM / DD / YYYY | to | ______ MM / DD / YYYY | | | ☐ Operating a business ☐ Other ______ | $______ |
| **For the year before that:** | From ______ MM / DD / YYYY | to | ______ MM / DD / YYYY | | | ☐ Operating a business ☐ Other ______ | $______ |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | | | **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ______ MM / DD / YYYY | to | Filing date | ______ | $______ |
| **For prior year:** | From ______ MM / DD / YYYY | to | ______ MM / DD / YYYY | ______ | $______ |
| **For the year before that:** | From ______ MM / DD / YYYY | to | ______ MM / DD / YYYY | ______ | $______ |

Debtor SPRH Finance Corporation
Name

Case number (if known) 20-33198

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | Creditor's name<br>Street<br>City State ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 3.2. | Creditor's name<br>Street<br>City State ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | Insider's name<br>Street<br>City State ZIP Code<br>**Relationship to debtor** | | $ | |
| 4.2. | Insider's name<br>Street<br>City State ZIP Code<br>**Relationship to debtor** | | $ | |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | Creditor's name<br>Street<br>City State ZIP Code | | | $ |
| 5.2. | Creditor's name<br>Street<br>City State ZIP Code | | | $ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name<br>Street<br>City State ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | $ |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | <br>**Case number** | | Name<br>Street<br>City State ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Case title**<br><br>**Case number** | | **Court or agency's name and address**<br>Name<br>Street<br>City State ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Custodian's name<br>Street<br>City State ZIP Code | Case title<br>Case number<br>Date of order or assignment | $<br>Court name and address<br>Name<br>Street<br>City State ZIP Code |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name<br>Street<br>City State ZIP Code<br>Recipient's relationship to debtor | | | $ |
| 9.2. Recipient's name<br>Street<br>City State ZIP Code<br>Recipient's relationship to debtor | | | $ |

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.2. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | | | | $ |
| | **Address**<br>Street<br>City State ZIP Code | | | |
| | **Relationship to debtor** | | | |
| 13.2. | **Who received transfer?** | | | $ |
| | **Address**<br>Street<br>City State ZIP Code | | | |
| | **Relationship to debtor** | | | |

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy | |
|---|---|---|---|
| 14.1. | Street<br>City State ZIP Code | From | To |
| 14.2. | Street<br>City State ZIP Code | From | To |

Debtor SPRH Finance Corporation
Name

Case number (if known) 20-33198

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | Facility name<br>Street<br>City State ZIP Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |
| 15.2. | Facility name<br>Street<br>City State ZIP Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained.

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other____ | | $____ |
| 18.2. | Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other____ | | $____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | <br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | <br>Address | | ☐ No<br>☐ Yes |

Debtor SPRH Finance Corporation Case number (*if known*) 20-33198
Name

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | | | $ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Case number | Name<br>Street<br>City State ZIP Code | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br><br>City State ZIP Code | Name<br>Street<br><br>City State ZIP Code | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See Attached Rider<br>Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.2. | Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.3. | Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |

Debtor SPRH Finance Corporation
Name

Case number (if known) 20-33198

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

❑ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1. | See Attached Rider | From _______ To _______ |
| 26a.2. | Name<br>Street<br>City State ZIP Code | From _______ To _______ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

❑ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1. | PRICEWATERHOUSECOOPERS<br>1000 LOUISIANA STREET<br>SUITE 5800<br>HOUSTON, TX 77002-5021 | From 06/25/2018 To PRESENT |
| 26b.2. | Name<br>Street<br>City State ZIP Code | From _______ To _______ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

❑ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | See Attached Rider | |

Debtor SPRH Finance Corporation
Name

Case number (if known) 20-33198

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. Name ______ Street ______ City ______ State ______ ZIP Code ______ | ______ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**

26d.1. See Attached Rider

**Name and address**

26d.2. Name ______ Street ______ City ______ State ______ ZIP Code ______

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| ______ | ______ | $______ |

**Name and address of the person who has possession of inventory records**

27.1. Name ______ Street ______ City ______ State ______ ZIP Code ______

Debtor SPRH Finance Corporation
Name

Case number *(if known)* 20-33198

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.2.
Name
Street

City State ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Name / Street / City State ZIP Code | | | |

**Relationship to debtor**

**Name and address of recipient**

30.2

Name

Street

City State ZIP Code

**Relationship to debtor**

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ☐ No
- ☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Sable Permian Resources Finance, LLC | EIN: 46-5576841 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ☒ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

Debtor SPRH Finance Corporation
Name

Case number (*if known*) 20-33198

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/15/2020
MM / DD / YYYY

✘ /s/ Anthony C. Duenner
Signature of individual signing on behalf of the debtor

Printed name Anthony C. Duenner

Position or relationship to debtor Vice President, Corporate Development

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☒ Yes

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 25:** Other businesses in which the debtor has or has had an interest

| Business Name & Address | Describe the nature of the business | Employer identification number | Date business existed From | Date business existed To |
|---|---|---|---|---|
| SABLE PERMIAN RESOURCES FINANCE, LLC<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | Energy company engaged in the development, production and acquisition of oil and natural gas properties | 46-5576841 | 09/29/2019 | Present |

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
|---|---|---|
| GREGORY PATRINELY<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | 06/25/2018 | PRESENT |
| NANCY WILLIAMS<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | 06/25/2018 | 02/28/2019 |
| ROSS PILCIK<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | 02/28/2019 | PRESENT |

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If any books of account and records are unavailable explain why |
|---|---|
| GREGORY PATRINELY<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | |
| ROSS PILCIK<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | |

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| **Name & Address** |
|---|

The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided lists of these parties in their Responses to Statement.

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
|---|---|---|
| SPR HOLDINGS, LLC<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | SHAREHOLDER | 100 |
| ADAM BROCK<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT CORPORATE COMMUNICATIONS AND PLANNING | N/A |
| ANTHONY DUENNER<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT CORPORATE DEVELOPMENT | N/A |
| B. LANCE YEARWOOD<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT MARKETING | N/A |
| BILL FLORES<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT SPECIAL PROJECTS AND TECHNOLOGY | N/A |
| BRIAN BROUSSARD<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT RESERVOIR AND OPERATIONAL PLANNING | N/A |
| CRAIG LANDRY<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT OPERATIONS | N/A |
| DOSS BOURGEOIS<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | EXECUTIVE VICE PRESIDENT & CHIEF OPERATING OFFICER | N/A |
| GREGORY PATRINELY<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | EXECUTIVE VICE PRESIDENT & CHIEF FINANCIAL OFFICER | N/A |
| JAMES C. FLORES<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | CHIEF EXECUTIVE OFFICER & PRESIDENT | N/A |
| JOHN WOMBWELL<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL & SECRETARY | N/A |
| KENNETH CUNNINGHAM<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT & TREASURER | N/A |
| MANON KEBEDEAUX<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT HR AND ADMINISTRATION | N/A |
| RANDY VINES<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT DRILLING AND COMPLETIONS | N/A |

Debtor Name: SPRH Finance Corporation Case Number: 20-33198

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
|---|---|---|
| ROBERT LUNDELL<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | ASSISTANT SECRETARY | N/A |
| ROSS PILCIK<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT ACCOUNTING | N/A |
| ROWDY LEMOINE<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT GEOSCIENCE | N/A |
| SCOTT TRACKWELL<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT FINANCE | N/A |
| STEPHEN LAPEROUSE<br>700 MILAM STREET<br>SUITE 3100<br>HOUSTON, TX 77002 | VICE PRESIDENT LAND | N/A |